IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 06-30011-01 |
| VERSUS | * | JUDGE JAMES |
| DESMOND FREEMAN | * | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by defendant Desmond Freeman. (Doc. #16). Freeman acknowledges that he filed the motion after the one-year grace period set forth in § 2255. *Id.* Concluding that neither the doctrine of equitable tolling nor statutory tolling is warranted in this case, the undersigned recommends that Freeman's motion be **DISMISSED with prejudice**.

### I  Freeman's Motion is Untimely

In pertinent part, § 2255 provides that

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final; [or]

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such an action;

. . .

§ 2255(f). With regard to § 2255(f)(1), a judgment "becomes final" when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003). "In a criminal case, a defendant's notice of appeal must be filed in the district court

within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." FED. R. APP. P. 4(b)(1)(A).

In this case, Freeman pled guilty to a one-count indictment in July 2006. (Doc. #6). The judgment of sentence was entered on November 06, 2006. (Doc. #13). Freeman did not file a direct appeal, so his judgment became final on November 16, 2006. Thus, the one-year statute of limitations expired on November 16, 2007. Freeman filed the instant motion on January 8, 2008, 53 days later. (Doc. #16).

## II  The Statute of Limitations Should Not Be Tolled

Since Freeman's § 2255 motion was filed after the one-year grace period it is time-barred. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). However, courts "must be cautious not to apply the statute of limitations too harshly." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). A first § 2255 motion or habeas petition is a "particularly serious matter." *Id.*

### A.  Equitable Tolling

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (1998). To be entitled to equitable tolling, Freeman must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). The petitioner has the burden of establishing that he is entitled to equitable tolling. *Alexander v.*

2

*Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Courts are to "consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Id.*

Here, Freeman claims that the circumstances of his confinement during the one-year grace period effectively barred him from timely filing his motion under § 2255. This was due in part, according to Freeman, to the fact that he was transferred between correctional facilities several times between November 2006 and January 2007. Freeman contends that he "never had the opportunity" to conduct research until he was transferred to the medium security facility in Yazoo City, Mississippi, on January 8, 2007. (Doc. #18). Freeman concedes that there were no further impediments between January 7, 2007, and June 2007. *Id.* Freeman claims that beginning in June or July of that year, computer access to LexisNexis was denied to all inmates in the facility. *Id.* As a result, Freeman had to rely on the legal library at the facility, which he contends was inadequate. *Id.* Freeman contends that it "could sometimes take weeks and sometimes months" to receive requested books. *Id.*

While several courts in this circuit have considered the issue, "[t]he extent to which an inadequate or inaccessible prison law library . . . may provide a basis for . . . equitable tolling of the limitations period is not entirely clear." *Cowart v. Banks*, No. 3:06-CV-671, 2007 WL 2344954, at *2 (S.D.Miss. June 11, 2007). The Fifth Circuit has explained that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714; *accord Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) (citing a "long line of cases holding that mere ignorance of the law ... is insufficient to warrant tolling."). The Fifth Circuit has qualified this proposition, however, by explaining that "[i]n the right circumstances, a delay in receiving information might call for equitable tolling." *Fisher*, 174 F.3d at 715.

In 2003, a Fifth Circuit panel held that "an inadequate prison law library may constitute a

3

state created impediment that would toll the AEDPA's one-year limitations period pursuant to § 2244(d)(1)(B)." *Egerton v. Cockrell*, 334 F.3d 433, 439 (5th Cir. 2003); *but see Scott v. Johnson* 227 F.3d 260, 263 n.3 (5th Cir. 2000) ("an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling."). In *Egerton*, the defendant "was denied all access to a law library and any legal materials" for a period of time due to his location at the correctional facility. *Id.* at 435. Even after moving to a different unit, the defendant lacked access to "all federal materials" and there was no "alternative arrangement[] to apprise prisoner's [sic] of their rights." *Id.* at 438. The defendant requested legal resource materials but had his request denied. *Id.* Even the book containing § 2244(d)(1) – "the very statute that [was] being used to render [the defendant's] petition time-barred" – was not available. *Id.*

Several courts have read *Egerton* narrowly, limiting its holding to its particular facts; i.e., a situation in which the prisoner is prevented from learning of the applicable statute of limitations. *E.g. Jones v. King*, No. 3:05-CV-356, 2006 WL 1674302, at *4 (S.D.Miss. June 16, 2006); *Neal v. Bradley*, No. 2:05-CV-67, 2006 WL 2796404, at *2-3 (N.D.Miss. Sept. 25, 2006) ("The rule adopted in Egerton, however, is extremely circumscribed."); *Newcomb v. Whitley*, No. 06-71, 2007 WL 2903112, at *7 (E.D.Ky. Sept. 28, 2007) (describing *Egerton's* holding as "quite narrow."). It is similarly possible to read *Egerton* as holding that a sufficiently inadequate prison library can merit statutory tolling under § 2244(d)(1)(B) but not equitable tolling. *See Egerton*, 334 F.3d at 437 ("The State's reliance on *Scott* is misplaced. In *Scott*, this Court did not consider whether the inadequacy of a prison library constituted a state-created impediment to justify statutory tolling under § 2244(d)(1)(B).").

Regardless, neither *Egerton* nor any other precedent adequately supports Freeman's

4

argument for equitable tolling. Freeman, though given ample opportunity,[1] has failed to indicate which resources he was lacking. He has not named a single book that he needed but was denied; nor had he listed any information that he needed but did not have. Freeman does not contend that he was unaware of § 2255's statute of limitations altogether. Instead, he limits his claims to vague assertions such as "if an inmate from either facility requested a book . . . the inmate was simpl (sic) out of luck until the book returned." (Doc. #18, p.3). Critically, Freeman had between five and six months during which he had unbarred access to LexisNexis (in addition to the books in the prison library). This should have been ample time for Freeman to research his claim, had he been working diligently. *See Fisher*, 174 F.3d at 715 (declining to grant equitable tolling, reasoning that "importantly, [the defendant] still had over six months to complete his federal habeas petition."); *see also Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights."). Although a lack of legal resources may justify equitable tolling in some cases, the circumstances in Freeman's case[2] do not rise to the level of "extraordinary" and do not warrant equitable tolling.

### B. Statutory Tolling

"The Fifth Circuit has sometimes referred to the application of subsection[ (2) of § 2255(f)] as statutory tolling." *United States v. Castro-Gonzalez*, No. C-04-337, 2008 WL 620741, at *2 (S.D.Tex. Mar. 4, 2008). While Freeman does not expressly seek it, his

---

[1] After reviewing Freeman's motion, the undersigned *sua sponte* granted Freeman leave to file additional information pertaining to his claim. (Doc. #17) (order seeking "all relevant information supporting the contention that the statute of limitations for filing the § 2255 motion should be equitably tolled" and elaboration from Freeman "as to how 'the primary means for doing [the necessary] research was. . . being denied.' ").

[2] For the purposes of this report and recommendation, the undersigned assumes that Freeman's allegations regarding the availability of legal resources are true.

contentions can be construed as an argument for statutory tolling under § 2255(f)(2). *See Martin v. Texas*, 694 F.2d 423, 425 (5th Cir. 1982) (requiring courts to construe pro se motions liberally). Freeman alleges that he was transferred several times between November 6, 2006, and January 7, 2007, making it impossible for him to begin his research. (Doc. #18). To warrant statutory tolling, however, the government must prevent a petitioner from filing his motion in violation of the Constitution or laws of the United States. § 2255(f)(2). Freeman, despite having ample opportunity, has failed to proffer any specific information as to how the government prevented him from filing his action during that time. Instead, he contends solely that he "never had an opportunity" to begin the research. This conclusory assertion does not warrant statutory tolling under § 2255(f)(2).[3]

Finally, the undersigned also rejects Freeman's argument to the extent he seeks statutory tolling due to the inadequacy of the prison library. *Egerton* instructs that a prison library's inadequacy may justify statutory tolling in extreme circumstances, such as where the prisoner does not even have access to the statute imposing the statute of limitations. 334 F.3d 433. For the reasons stated *supra*, however, the facts of this case to not rise to that level.

### III

For the aforementioned reasons **IT IS RECOMMENDED** that Underwood's motion be **DISMISSED with prejudice**. Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

---

[3] The period between November 16, 2006, and January 7, 2007, during which Freeman was transferred several times, consisted of 52 days. Consequently, even if this court were to hold that Freeman is entitled to statutory tolling for that entire period (i.e., not just for the days during which he was actually relocating), his motion would be time-barred as it was filed one day late.

party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day of April, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE